UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA ANNE SHIMP,<br><br>             Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>             Defendant. | Case No. 2:24–cv–1851–CSK<br><br>ORDER and FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S IFP REQUEST<br><br>(ECF Nos. 2, 4) |

This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Eastern District of California Local Rule 302(c)(15). Plaintiff Serena Anne Shimp, who is represented by counsel, requests leave to proceed in forma pauperis ("IFP") without prepayment of the filing fee under 28 U.S.C. § 1915. IFP Affid. (ECF No. 2). In response to the Court's order, Plaintiff supplemented her affidavit with additional information. IFP Supp. (ECF No. 4).

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id.* The IFP statute does not itself define what constitutes insufficient assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id.* Nonetheless, a plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id.* According to the United States Department of Health and Human Services, the current poverty guideline for a household of 1 (not residing in Alaska or Hawaii) is $15,060.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff's affidavits indicate she has a monthly gross income of $3,120, i.e., $40,560 annually, with a monthly net income of $2,332. *See* IFP Supp. Plaintiff states she has $90 in liquid assets and has monthly expenses of approximately $2,019.[1] *Id.*

Thus, Plaintiff's gross household income is close to triple the 2024 poverty guideline. Further, and more importantly, Plaintiff's income-to-expense ratio leaves her, on average, with approximately $300 per month in expendable income. Given this, the Court cannot find Plaintiff unable to pay. *See Escobedo*, 787 F.3d at 1234. While the Court is sympathetic to Plaintiff's situation, she is not indigent and numerous litigants in this court have significant monthly expenditures. Thus, the Court recommends Plaintiff's IFP motion be denied. *See Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988) (absent consent of all parties, magistrate judge lacks authority to issue dispositive order denying in forma pauperis status).

Presently, a filing fee of $405.00 is required to commence a civil action in this court. In recognition of Plaintiff's financial resources, the Court finds it appropriate to allow for monthly payments of a minimum of $25.00 until the full filing fee is satisfied. The undersigned recommends that, upon receipt of the first installment from Plaintiff, the Clerk of the Court be allowed to issue the appropriate service orders.

---

[1] Plaintiff states she pays between $100 and $400 on her credit cards. *See* IFP Supp. For purposes of the Court's calculations, the average of $250 was used. Plaintiff indicates she does not pay on her student loans, so this debt was not considered in the Court's calculations.

Accordingly, the undersigned ORDERS the Clerk of the Court randomly assign a district judge to this action. Further the undersigned RECOMMENDS:

1. Plaintiff's IFP requests (ECF Nos. 2, 4) be DENIED;
2. Plaintiff be granted leave to satisfy the filing fee in $25 monthly installments, beginning September 1, 2024 and due on the first of each month thereafter, and allow for the Clerk to issue a summons after the first installment is received; and
3. Plaintiff be warned that failure to satisfy the full filing fee according to the payment schedule may result in dismissal under Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  No objections period is required for IFP denials. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998), as amended (Sept. 9, 1998) ("[Plaintiff] was not entitled to file written objections to the magistrate judge's recommendation that [her] application to proceed in forma pauperis be denied.").

Dated:  July 23, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

3, shim.1851